IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARISSA J. PODANY, )
)
      Plaintiff, )
)
-vs- ) Civil Action No. 17-1008
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Marissa J. Podany ("Podany") brings this action pursuant to 42 U.SC. § 405(g) for review of the ALJ's decision denying her claim for supplemental social security ("SSI"), a period of disability and disability insurance benefits ("DIB").[2] She alleges a disability beginning on August 29, 2011. (R. 10) Following a hearing before an ALJ, during which time both Podany and a vocational expert ("VE") testified, the ALJ denied her claim. Podany appealed. Pending are Cross Motions for Summary Judgment. *See* ECF docket nos. [11] and [15].

### Legal Analysis

1. Standard of Review

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] The ALJ concluded that Podany satisfied the insured status requirements of the SSA through December 31, 2016. (R. 12)

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>The ALJ's Analysis</u>

At step one, the ALJ found that Podany had not engaged in substantial gainful activity since August 29, 2011, the application date. (R. 12) At step two, the ALJ

concluded that Podany has the following severe impairments: fibromyalgia, adrenal / thyroid disorder, chronic fatigue disorder, and generalized anxiety disorder (R. 12)

At step three, the ALJ concluded that Podany does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. The ALJ considered Listing 14.09D (the effects of fibromyalgia under the inflammatory arthritis listing) and 12.04 and 12.06 (mental impairments), but determined that Podany did not satisfy the criteria. (R. 14-15)

Prior to engaging in step four, the ALJ assessed Podany's residual functional capacity ("RFC").[3] The ALJ found Podany able to perform sedentary work with certain limitations. (R. 14-19)

At step four, the ALJ determined that Podany is unable to engage in her past relevant work. (R. 19) Finally, at step five, the ALJ concluded that, considering Podany's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 19-20) For example, the ALJ determined that Podany is capable of performing the requirements associated with representative occupations such as an addresser clerk, a ticket checker, and a document preparation clerk. (R. 20)

3. Chronic Fatigue Syndrome

---

[3] "RFC" refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1546(c), 416.946(c).

Podany contends that the ALJ failed to analyze her chronic fatigue syndrome ("CFS") under Social Security Regulation 14-1P. *See* ECF Docket No. 12, p. 14-17SSR 14-1p details that CFS is "a systemic disorder consisting of a complex of symptoms that may vary in frequency, duration, and severity." *SSR 14-1P: Titles II and XVI: Evaluating Cases Involving Chronic Fatigue Syndrome (CFS)*, 2014 WL 1371245 (April 3, 2014). It "causes prolonged fatigue lasting 6 months or more, resulting in a substantial reduction in previous levels of occupational, educational, social, or personal activities." *Id.* The claimant may have multiple symptoms such as muscle pain, multi-joint pain without joint swelling or redness, sore throat, headaches, disturbed sleeping patterns and visual difficulties. *Id.*, * 3. Further, individuals with CFS may present with co-occurring symptoms such as fibromyalgia. *Id.* The sequential evaluation process used for any impairment is followed when an ALJ adjudicates a claim involving CFS. *Id.*

Thus, first the ALJ considers a person's work activity. If the claimant is engaged in substantial gainful activity, he/she is not disabled. *Id.* Here, the ALJ concluded that Podany has not engaged in substantial gainful activity. (R. 12) At step two, SSR 14-1P provides that, if a claimant has a MDI (medically determinable impairment) that meets the duration requirement, and the "fatigue, pain, neurocognitive symptoms or other symptoms cause a limitation or restriction, and they have more than a minimal effect on a person's ability to perform basic work activities" then the claimant has established a "severe impairment." *Id.* Here at step two, the ALJ recognized that Podany's CFS constituted a "severe impairment." (R. 12) At step three, because "CFS is not a listed impairment … we cannot find that a person with CFS alone has an impairment that meets the requirements of a listed impairment." *Id*. The ALJ will compare the specific

findings in each case to any pertinent listing to assess whether a medical equivalence has been established. *Id.* Here, at step three, citing to SSR 14-1P, the ALJ determined that none of the listings were met by an impairment or combination of impairments. (R. 13-14) The ALJ must then make an RFC assessment. SSR 14-1P provides that, "[i]n assessing RFC, we must consider all of the person's impairment-related symptoms in deciding how such symptoms may affect functional capacities." *Id.* Again, here, the ALJ found that Podany was able to engage in sedentary work, with some restrictions. (R. 14-19) Then, at step four, the ALJ must determine whether the impairments preclude the performance of past relevant work. *Id.* Here, the ALJ concluded that Podany's RFC precluded her past relevant work. (R. 19) Finally, at step five, the ALJ must consider whether the claimant's impairments preclude the ability to perform other work. *Id.* Here, at step five, the ALJ found that there were jobs available in significant numbers in the national economy that Podany could perform in a manner consistent with the RFC. (R. 19-20) Thus, "[r]egardless of CFS's nature, SSR 14-1P provides that the Commissioner will adjudicate claims involving CFS 'just as [the Commissioner does] for any impairment." *Harney v. Comm'r. of Soc. Sec.*, Civ. No. 16-340, 2017 WL 4325392, \*3(M.D. Fla. Sept. 29, 2017) Contrary to Podany's assertions, my review assures me that the ALJ fully complied with the mandates of SSR 14-1P.

Podany nevertheless urges that "remand is warranted" because she testified that she was forced to leave her job because of an extended second medical leave of absence; that she was constantly fatigued and at times was confined to her bed; that these episodes of confinement occurred several times a month; and that her brain felt

"foggy" when she was fatigued. *Id.*, p. 16. Podany similarly testified regarding problems with dizziness. *Id.*, p. 17. Although the record may contain such statements, the:

> question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings. … Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of U.S. Dep't. of Health & Human Services*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3rd Cir. 2003).

*Hundley v. Colvin*, 2016 WL 6647913, * 2 (W.D. Pa. Nov. 10, 2016).

Moreover, I disagree with Podany's assertions and find that the ALJ did consider her testimony. He noted Podany's allegations of debilitating fatigue that confined her to her bed for up to five days at a time. (R. 15) Similarly, he acknowledged her testimony regarding dizziness. (R. 15) Yet he found that her allegations were not entirely credible given that she received only routine and conservative treatments. (R. 15) He detailed Podany's medical evidence, including the counseling notes of Laura Langer, the progress notes from the Hormone Center, the treatment records from Squirrel Hill Family Wellness, the consultative examinations, chiropractic care records, and records from Dr. Chetlin and Dr. Sheridan. (R. 15-17)[4] The ALJ noted that Podany "has not sought treatment with a pain management clinic, has not attempted physical therapy, and has not been prescribed any pain reliever stronger than an anti-inflammatory." (R. 18)[5] With respect to Podany's failure to seek appropriate treatment, the ALJ observed

---

[4] Podany has not raised any contention that the ALJ erred in assessing the opinion evidence.

[5] Podany seemingly argues that the ALJ's reliance on this absence is suspect because "[p]resumably, her primary care physician or other treating physicians would have referred her to another specialist if they thought it could help her condition." *See* ECF Docket No. 12, p. 18. I disagree. "It is well-established that an 'ALJ may rely on lack of treatment, or the conservative nature of the treatment, to make an adverse credibility finding, but only if the ALJ acknowledges and considers possible explanations for the course of treatment.'" *Wilson v. Colvin*, Civ. No. 13-2401, 2014 WL 4105288, at * 11 (M.D. Pa. Aug. 19, 2014).

7

that she "has had medical assistance coverage as well as access to transportation" and that she sought "medical care for other issues unrelated to the alleged impairments during the period at issue." (R. 18) Further, the ALJ found persuasive the fact that the record also indicated that Podany had an ability to "function at a higher level than has generally been alleged. ..." (R. 18)[6]

Podany has not advanced any other argument in support of her contention that the ALJ's analysis of SSR 14-1P requires remand. Because I find that the ALJ's analysis complies with the mandate of SSR 14-1P and because his decision in this regard is supported by substantial evidence, remand is denied.

An appropriate order shall follow.

---

[6] "For example, the claimant is able to maintain her personal care, walk her dog, make simple meals, wash dishes, sweep the floor, drive a car, ride a bus, attend yoga classes, shop for groceries, manage her finances, read books and online articles, watch television, visit her parents," and was trying to work on starting a business. (R. 18) The ALJ reasoned that, "[c]onsidering the record as a whole, the claimant's daily activities do not appear so limited as to prevent her from performing substantial gainful activity." (R. 18)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARISSA J. PODANY,<br>    Plaintiff, | )<br>)<br>) | |
| -vs- | ) | Civil Action No. 17-1008 |
| NANCY A. BERRYHILL,[7]<br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | )<br>)<br>)<br>)<br>) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 25th day of July, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 11) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 15) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[7] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.